IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID ALBRECHT                                                                               PLAINTIFF

       v.                                          CIVIL NO. 12-3144

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                              DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

     David Albrecht ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for disability insurance benefits ("DIB") and/or supplemental security income ("SSI"). ECF No. 1. The Defendant filed an answer to Plaintiff's action on April 15, 2013, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. ECF No. 8.

     On July 17, 2013, the Commissioner, having changed positions, filed a motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. ECF Nos. 11, 12. Specifically, the Commissioner requests that remand be granted so that the ALJ can be ordered to comply with the Appeals Council's previous order directing him to further evaluate Plaintiff's mental impairment, including applying the PRT, considering examining source opinion evidence, and addressing non-examining source opinion evidence. ECF No. 12.

     The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand for the purpose of the ALJ to further evaluate the evidence as addressed above, appropriate. Therefore, we recommend that the Commissioner's motion to remand be **GRANTED** and the case remanded to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of July 2013.

                                            */s/ J. Marschewski*
                                            HON. JAMES R. MARSCHEWSKI
                                            CHIEF UNITED STATES MAGISTRATE JUDGE